

★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-08-00106-CV

**IN THE MATTER OF C.E.B.,**

From the 386th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-JUV-03030
Honorable Laura Parker, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
Steve C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:   March 11, 2009

AFFIRMED

This is an appeal from a juvenile adjudication and order of disposition.  A jury found C.E.B.,

a juvenile, engaged in delinquent conduct by committing the offense of misdemeanor assault. The

trial court assessed punishment at six months' probation.  We affirm.

**FACTUAL SUFFICIENCY**

In his first issue, C.E.B. asserts the evidence is factually insufficient to support his conviction

for misdemeanor assault.  We review the sufficiency of the evidence under the appropriate standards

of review.  *See Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006) (factual

sufficiency); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (same). The standard of review is the same in both direct and circumstantial evidence cases. *Kutzner v. State*, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

The assault evolved from a conflict between C.E.B., his younger brother, the complainant, and the complainant's friend, who were all playing two-man touch football in their neighborhood cul-de-sac. At the end of the game, the complainant and his friend refused to give C.E.B. and his brother their football and an argument arose over the ownership of the football. There is no dispute C.E.B. struck the complainant, but on appeal, C.E.B. argues the evidence was insufficient to prove the complainant suffered any bodily injury as a result.

A person commits misdemeanor assault if the person: intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon 2003). On appeal, C.E.B. argues the evidence presented at trial was factually insufficient to show he caused bodily injury to the complainant. "Bodily injury" is defined as "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(7). "This definition appears to be purposefully broad and seems to encompass even relatively minor physical contacts so long as they constitute more than mere offensive touching." *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989). At trial, the complainant and the complainant's friend testified C.E.B. used his hand and his foot to strike the complainant in the stomach. The complainant testified that, after C.E.B. struck him, his stomach hurt and he felt "numbing-like and painful." The complainant, his mother, and the investigating officer all testified the complainant had red marks on his stomach, neck, and back. The

complainant's mother testified she took the complainant to the doctor the next day and the doctor identified bruising on the complainant's stomach.

We conclude the evidence is sufficient to establish C.E.B. caused bodily injury to the complainant when he struck him in the stomach. The complainant testified he suffered physical pain when he was struck by C.E.B. and the testimony regarding the red marks and bruising on the complainant's stomach corroborates this evidence. Accordingly, C.E.B.'s first issue is overruled.

### INSTRUCTION ON DEFENSIVE ISSUES

In his second issue, C.E.B. argues the trial court erred by failing to instruct the jury on the defensive issues of defense of property and defense of a third party. "It is well settled that an accused has the right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the evidence." *Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999). However, if the evidence viewed in the light most favorable to the defendant, does not establish the defense, the defendant is not entitled to an instruction on the issue. *Ferrel v. State*, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001).

It is a defense to prosecution if the actor's conduct is justified. TEX. PENAL CODE ANN. § 9.02 (Vernon 2003). A person is justified in using force to recover their property when they reasonably believe the force is immediately necessary to recover the property. *Id.* § 9.41. The actor must use the force immediately or in the fresh pursuit of the dispossessed property. *Id.* On appeal, C.E.B claims he was justified in using force against the complainant because the complainant stole his football. However, there is no evidence C.E.B. reasonably believed the force he used against the

complainant was immediately necessary, or that it was used immediately. The testimony at trial was that C.E.B. went into his house after the initial confrontation about the ownership of the ball, and when he returned he never asked for the ball back before striking the complainant. Additionally, it was the complainant's friend, not the complainant, who was in possession of the football during the entire incident. We conclude that, based on this record, defense of property was not raised by the evidence. Therefore, the trial court did not err by failing to instruct the jury on this defensive issue.

C.E.B. also argues he was justified in using force against the complainant because he was protecting his younger brother. A person is justified in using force against another to protect a third person if the actor reasonably believes he would be justified in using such force to protect himself against unlawful force and he believes his intervention is immediately necessary to protect the third party. TEX. PENAL CODE ANN. § 9.33 (Vernon 2003). A person is not justified in using force against another in response to verbal provocation alone. *Id.* § 9.31(b)(1). A review of the record reveals there was verbal provocation by the complainant; however, there is no evidence the complainant or the complainant's friend used or threatened to use unlawful force against C.E.B.'s younger brother. Because it appears from the record that C.E.B. was responding to the complainant's verbal provocation alone, defense of a third person was not raised by the evidence. Therefore, the trial court did not err by failing to instruct the jury on this defensive issue.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his final issue on appeal, C.E.B. claims he received ineffective assistance of counsel because his attorney failed to request jury charges on the defensive issues discussed above. However, because we do not believe the evidence raised these defensive issues, trial counsel's failure

to request a jury charge on these issues does not constitute deficient representation. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (setting the standard for establishing ineffective assistance of counsel).

## CONCLUSION

We overrule C.E.B.'s issues on appeal and affirm the trial court's judgment.


Sandee Bryan Marion, Justice